UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
1199 SEIU UNITED HEALTHCARE
WORKERS EAST,
          Petitioner,

       v.                                   Case No.

ALARIS HEALTH AT HAMILTON PARK     VERIFIED PETITION TO
AND CONFIDENCE MANAGEMENT           CONFIRM ARBITRATION
SYSTEMS,                                     AWARD
          Respondents.

-----------------------------------------------------------x

Petitioner 1199 SEIU United Healthcare Workers East ("the Union"), by its attorneys, as and for its verified petition against Respondents Alaris Health at Hamilton Park and Confidence Management Systems ("the Employers"), respectfully alleges the following:

PRELIMINARY STATEMENT

1. This is an action for an order confirming a labor arbitration award rendered by an impartial arbitrator pursuant to the arbitration provisions of the collective bargaining agreement ("CBA") between the Union and the Employers. The arbitration proceeding in question arises out of the Union's claim that the Employers violated the CBA by refusing to abide by the terms of the CBA with respect to the dietary, housekeeping, and maintenance work performed at the Atrium. The CBA provides for the resolution of such disputes. The Arbitrator rendered an Award dated February 9, 2018 (attached hereto as Exhibit 1), which was revised to correct two drafting errors in the award and reissued on March 16, 2018 (attached hereto as Exhibit 2).

2. The Union seeks injunctive and declaratory relief, monetary damages, attorneys' fees and costs, pre- and post-judgment interest, and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, as a suit for violation of a labor contract, under 28 U.S.C. § 1331 as a controversy arising under the laws of the United States, under 28 U.S.C. § 1337 as an action arising under an Act of Congress regulating commerce. The Court additionally has jurisdiction because the arbitration hearings were held in New York City, and the parties' CBA provides that "the venue, and jurisdiction, for all litigation" concerning arbitrations "shall be the New York and New Jersey area."

4. Venue is proper in the Southern District of New York pursuant to 29 U.S.C. § 185, and 28 U.S.C. § 1391(b).

## PARTIES

5. The Union is the exclusive bargaining representative of certain employees of the Employers and is a labor organization which represents employees in an industry affecting commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. §§ 151-69. Petitioner's principal office is located at 310 West 43rd Street, New York, NY 10036.

6. The Employers are employers in an industry affecting commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. §§ 151-69. Respondent Alaris Health at Hamilton Park's principal office is located at 525 Monmouth Street, Jersey City, NJ 07302. Respondent Confidence Management Systems' principal office is located at 1420 E. Linden Avenue, Linden, NJ 07036.

## BACKGROUND

7. Since at least 2005, the Union has been the exclusive bargaining representative of employees at Hamilton Park Health Care Center ("HPHCC"), a health care facility located in

Jersey City, New Jersey. The Union was party to a number of successive collective bargaining agreements with HPHCC. The relevant CBAs are attached hereto as Exhibits 3 (2008 CBA) and 4 (2012 interest arbitration award extending duration of 2008 CBA, as modified therein).

8.  The bargaining unit covered by the Union's CBAs with HPHCC included the dietary, housekeeping, and maintenance work performed at the Atrium, a wing of the facility that provides assisted living services.

9.  In 2012, the Union learned that HPHCC was planning to sell the facility and lay off bargaining unit employees, notwithstanding provisions of the CBA that required any successor employer to assume the CBA and retain all bargaining unit employees. In response, the Union successfully enjoined the sale through an action in the United States District Court for the District of New Jersey. That injunction was ultimately lifted when Hamilton Park, Opco, LLC, the prospective buyer, entered into a Consent Order in which it agreed to "assume the entire Collective Bargaining Agreement including the November 2012 Interest Arbitration Award" and retain all bargaining unit employees. The Consent Order is attached hereto as Exhibit 5.

10. The sale of HPHCC, including the Atrium, to Hamilton Park, Opco, LLC, went through in April or May 2013.  Upon the sale, Alaris Health ("Alaris") became the operator of the Hamilton Park facility, including the Atrium.

11. In June 2013, Alaris subcontracted all housekeeping work (including laundry) done at the Hamilton Park facility, including the Atrium, to Confidence Management Systems ("CMS"). On July 1, 2013, CMS signed an Assumption Agreement with the Union, assuming the Union's CBA with HPHCC. The Assumption Agreement is attached hereto as Exhibit 6.

12. Notwithstanding the Employers' contractual obligations to assume the CBA in its entirety, they have systematically disregarded their obligations thereunder. The Employers first

attempted, unsuccessfully, to vacate the 2012 interest arbitration award. Then, they stopped paying the minimum rates they are contractually obligated to pay employees under the CBA and subcontracted out the laundry work without the Union's consent, in violation of the CBA. The Union grieved these breaches of the CBA, and in each case, the Arbitrator ruled in the Union's favor. Following the issuance of the Arbitrator's award, in each case, the Employers have refused to comply with the award and have refused to produce information requested by the Union and ordered be produced by the Arbitrator which is necessary to effectuate the Arbitrator's awards.

13. There are numerous other grievances pending in arbitration before the Arbitrator regarding other contract violations.

14. The contract violation at issue here involves the Employers' unilateral removal of the housekeeping, maintenance, and dietary worked performed at the Atrium from the bargaining unit. For years, the Employers have simply failed and refused to apply the terms of the CBA to the housekeeping, maintenance, and dietary work performed at the Atrium. As a result, employees have lost their health insurance benefits, pension benefits, wages, paid time off, job security, and numerous other important terms and conditions of employment.

15. The CBA requires that all disputes that relate to the application, interpretation, or performance of the agreement be submitted to arbitration. (2008 CBA § 11.1.) The arbitrator's award is "final and binding" upon the parties. (*Id*. §§ 11.3, 11.7.).

16. In accordance with the parties' CBA, the Union submitted to arbitration before Arbitrator Martin F. Scheinman the dispute concerning the Employers' removal of the housekeeping, dietary, and maintenance work performed at the Atrium from the bargaining unit.

17. Arbitration hearings on the above issue were duly held by the Arbitrator on four dates scheduled by agreement of all parties: June 4, 2015, September 6, 2016, June 28, 2016, and

July 11, 2017. All parties were represented by counsel at these hearings.

18. During the first hearing, on June 4, 2015, the Arbitrator directed the Employers to produce documents the Union had requested relevant to the dispute by no later than June 30, 2015. The Arbitrator memorialized this order in a letter dated June 30, 3015, attached hereto as Exhibit 7.

19. On June 23, 2015, in anticipation of that deadline, the Union sent the Employers summaries of the information requests it had previously made, seeking documents that were relevant to the parties' disputes including information regarding employees that performed work in the housekeeping, maintenance, and dietary departments, their dates of hire, rates of pay, hours worked, benefits, etc. The Union also sought information concerning the organizational structure of Hamilton Park, including the Atrium. The Union's information requests are attached hereto as Exhibit 8.

20. The Employers failed to provide the requested documents.

21. On July 16, 2015, the Arbitrator again ordered the Employers to produce the documents. Again, they failed to do so.

22. In October 2015, the Union filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"), alleging that the Employers had violated § 8(a)(5) of the National Labor Relations Act ("NLRA") by refusing to provide the Union with the requested information.

23. A trial was held before an Administrative Law Judge ("ALJ") to determine whether the Employers violated the NLRA by failing to produce the requested information. On September 14, 2016, the ALJ found in favor of the Union and held that the Employers had violated the NLRA by failing and refusing to produce the requested information. The Employers then appealed the

ALJ's decision to the NLRB.

24. On August 17, 2017, the NLRB affirmed the ALJ's decision and order and held that the Employers had violated the National Labor Relations Act by failing and refusing to produce the requested information. The NLRB ordered the Employers to promptly provide the Union with the requested information.

25. To date, the Employers have not produced the requested information. The NLRB has recently sought enforcement of its Decision and Order in the Third Circuit Court of Appeals.

26. The Union proceeded with its case in arbitration despite the Employers' refusal to produce relevant documents. To address the lack of documents, the Union subpoenaed three representatives of the Employers to appear at the hearing. Specifically, the Union subpoenaed an owner of Alaris Health at Hamilton Park, the director of the Dietary Department, and the director of the Housekeeping Department. The Employers failed and refused to present any of these witnesses at the hearing. The Employers also failed to call a single witness in support of their case.

27. Throughout the arbitration process, the parties filed multiple position letters in which they addressed their arguments before the Arbitrator. At the close of the record, the parties filed post-hearing briefs.

28. On February 9, 2018, the Arbitrator issued his Award, ruling that the grievance was arbitrable and the Employers had violated the parties' CBA by failing to apply it to the dietary, housekeeping, and maintenance work performed at the Atrium.

29. The Arbitrator ordered the Employers to cease and desist from violating the CBA and to "forthwith, apply the terms and conditions of the Agreement to employees who work at The Atrium" and to "make all adversely affected employees whole." (Arb. Awards at 52.)

30. Because the Employers had not provided the Union or the Arbitrator with the

information necessary to calculate damages, the Arbitrator could not and did not specify the amount necessary to make the employees whole.

31.     Shortly after the Arbitrator issued the Award, on February 15, 2018, the Union's counsel emailed counsel for the Employers noting that "[w]ith respect to the make whole remedies awarded, the Union is still awaiting all of the information previously requested that is needed to complete our damage calculations. This information has been previously requested many times and the NLRB has ordered its production." The Union requested production of the outstanding information by no later than February 21 and asked for confirmation that the Employers would comply with the Award. The Union's email is attached hereto as Exhibit 9. To date, counsel for the Employers has not responded to this email.

32.     On March 16, 2018, the Arbitrator issued a modification to his Award correcting two drafting errors in the Award. The Arbitrator's letter is attached hereto as Exhibit 10.

33.     Thereafter, the Union once again emailed counsel for the Employers to request production of the outstanding documents and again asked for confirmation that the Employers would comply with the Award. The Union's email is attached hereto as Exhibit 11. To date, counsel for the Employers has not responded to this email.

34.     To date, the Employers have neither produced the requested information nor otherwise complied with any part of the Arbitrator's Award.

35.     Due to the Employers' failure to comply with the Award, numerous employees continue to work with reduced wages, inferior health benefits, no pension benefits, reduced paid time off, no job security, and other substantial losses.

## PRAYER FOR RELIEF

WHEREFORE, the Union requests that the Court

(a) enter an Order and Judgment confirming and enforcing the Award;

(b) direct the Employers to: (1) immediately apply the CBA to all dietary, maintenance and housekeeping (including laundry) work performed at the Atrium, (2) produce, within 7 days of the Court's order, the documents requested by the Union on June 23, 2015 so that the parties may calculate the amount necessary to make the adversely affected employees whole (Exhibit 6); and (3) within 14 days of the Court's order, make whole all employees adversely affected by the Employers' refusal to apply the CBA to housekeeping (including laundry), maintenance, and dietary work performed at the Atrium, including pre- and post-judgment interest; and

(c) award the Union its costs and reasonable attorneys' fees, together with such other relief as the Court may find just and equitable.

Dated: New York, New York
April 17, 2018

GLADSTEIN, REIF & MEGINNISS, LLP

By: _____
Katherine H. Hansen
Jessica E. Harris
817 Broadway, 6th Floor
New York, NY 10003
(212) 228-7727

Attorneys for Petitioner

## VERIFICATION

STATE OF NEW YORK     )
                                          )
COUNTY OF NEW YORK  )

I, Katherine H. Hansen, declare as follows:

1. I am a member of the firm of Gladstein, Reif & Meginniss, LLP.

2. I represented 1199 SEIU United Healthcare Workers East in the underlying arbitration Petitioner seeks to confirm.

3. I also represented Petitioner in the other arbitrations and National Labor Relations Board case referenced in the *Verified Petition to Confirm Arbitration Award.*

4. I have personal knowledge of the facts alleged in the Verified Petition to Confirm Arbitration Award.

5. I have reviewed the foregoing *Verified Petition to Confirm Arbitration Award* and attest that the statements set forth therein are true and correct to the best of my knowledge, information, and/or belief.

Katherine H. Hansen

SWORN SUBSCRIBED TO BEFORE ME
On this 17 day of April, 2018

Notary public

AMELIA K. TUMINARO
NOTARY PUBLIC, State of New York
No. 02TU6111560
Qualified in New York County
Commission Expires June 14, 2020