```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
1199 SEIU UNITED HEALTHCARE WORKERS   :
EAST,                                 :
                                      :
         Petitioner,                  :
                                      :           18-cv-3336 (JSR)
              -v-                     :
                                      :           ORDER
ALARIS HEALTH AT HAMILTON PARK and    :
CONFIDENCE MANAGEMENT SYSTEMS,        :
                                      :
         Respondents,                 :
                                      :
              and                     :
                                      :
THE ATRIUM AT HAMILTON PARK,          :
                                      :
         Intervenor.                  :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Familiarity with all prior proceedings in this matter is here assumed. As relevant here, on June 20, 2019, the Court awarded petitioner 1199 SEIU United Healthcare Workers East attorneys' fees in the amount of $100,000 as a compensatory contempt sanction for work performed to compel respondents Alaris Health at Hamilton Park and Confidence Management Systems to comply with the Court's orders in this matter. See Memorandum Order dated June 20, 2019 ("Mem. Order"), Dkt. No. 86; see also Order dated June 24, 2019, Dkt. No. 87. While petitioner had originally requested $200,000 in fees, the Court applied a 50% cut to petitioner's request after finding itself in "substantial agreement" with respondents' criticisms that petitioner's time

entries were vague, duplicative, and excessive. Mem. Order at 16.

On June 25, 2019, respondents appealed the Court's decision to award attorneys' fees. Dkt. No. 88. On June 17, 2020, the Court's decision was affirmed. See <u>1199 SEIU United Healthcare Workers East v. Alaris Health at Hamilton Park</u>, 809 Fed Appx. 44 (2d Cir. 2020).

Petitioner now seeks a supplemental order awarding attorneys' fees incurred in connection with that appeal, including work on this motion. Dkt. No. 102. Respondents do not contest that petitioner is entitled to reasonable attorneys' fees for its work in connection with the appeal; instead, respondents take issue solely with the amount of fees that petitioner is seeking. See Declaration of David F. Jasinski, Esq., in Opposition to 1199 SEIU United Healthcare Workers East's Application for Attorneys' Fees ("Jasinski Decl."), Dkt. No. 106. For the reasons set forth below, petitioner's motion is granted in the amount of $40,477.50.

Petitioner requests $57,825 in attorneys' fees in connection with the work seeking to affirm this Court's orders on appeal. Declaration of Katherine H. Hansen in Support of Petitioner's Motion for Attorneys' Fees for Appeal ("Hansen Decl."), Dkt. No. 104, ¶¶ 7-11. This request is based on 118

hours billed by three lawyers, and it is based on the same rates on which the Court initially awarded fees. Hansen Decl. ¶ 10; Dkt. No. 104-2. In particular, Katherine Hansen, the lead counsel for petitioner and the partner responsible for the matter, billed 90.7 hours at a rate of $450; Kent Hirozawa, a senior partner Hansen enlisted to help with the original enforcement effort and who worked with her on the brief and in preparation for the appeal, billed 22.4 hours at a rate of $650; and William Masey, the partner who oversees the Union's legal affairs and who is principally responsible for providing advice to the Union's elected officials, billed 4.9 hours at a rate of $500. Dkt. No. 104-2.

Petitioner also points out "in light of concerns raised by the Court in its original award" that the application is actually a "substantial reduction" in their fees. Hansen Decl. ¶ 8. Specifically, petitioner asserts that they did not submit the time of an attorney and a law student who worked on the appeal and that they removed time that might be considered duplicative, such as "the time of one or more participants in meetings or telephone calls among attorneys." Id.

Respondents object to the petitioner's request on a number grounds. Jasinski Decl. First, respondents argue that many of the entries are too vague because they fail to provide sufficient context for the work being done. Id. ¶¶ 8-12. Second, respondents contend that many of the entries are duplicative and/or excessive. Id. ¶ 13-17. Specifically, respondents complain that there was excessive communication among counsel; multiple attorneys regularly appeared on emails, discussions, and conferences; and partners regularly edited the work product of other partners. Id. ¶ 14. In addition, respondents complain that, although Hansen argued the case before the Second Circuit, Hirozawa billed for his "appearance" at the argument. Id. ¶ 16.

Third, respondents argue that petitioner has driven up its fees by overstaffing partners on work that could have been performed by paralegals or associates. Id. ¶¶ 18-26. Here, respondents complain that the time in petitioner's application contains no associate and paralegal time – only partner time. Id. ¶ 23. And partners spent time doing things like reviewing the docket, filing on ECF, etc. – jobs that could and should have been done by a paralegal or associate. Id. ¶ 26.

Relatedly, respondents argue that Massey's and Hirozawa's involvement in the appeal was unnecessary, given that Ms. Hansen

was lead counsel. Id. 28. Moreover, respondents contend, Massey and Hirozawa's time entries are vague and excessive. Id. ¶ 29.

Respondents conclude by asking the Court to (once again) apply an across-the-board cut of 50%, as well as any further reductions the Court finds proper. Id. ¶ 33.

After reviewing the parties' submissions, the Court finds that petitioner's time entries bear many of the same problems with which the Court took issue during the initial award. In particular, many of Masey's entries are overly vague and many of Hirozawa's entries are for tasks that, as respondents suggest, could have been done by a paralegal or a junior associate. Nevertheless, because petitioner has represented to the Court that it has submitted substantially reduced fees, the Court believes that a 50% cut would be excessive. Instead, the Court finds that a 30% cut is warranted and accordingly grants petitioner's motion for attorneys' fees in the amount of $40,477.50.

The Clerk of the Court is directed to close the motion at docket entry 102.

SO ORDERED.

Dated:   New York, NY
         September 10, 2020

_____
JED S. RAKOFF, U.S.D.J.